IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| IN RE: Paragard IUD Products | : | CIVIL ACTION NO. |
| Liability Litigation | : | 1:20-md-02974-LMM |
| | : | |
| This document relates to all cases | : | |
| referenced in tables in Part IV, below | : | |
| | : | |
| | : | |
| | : | |

## **ORDER**

This multi-district litigation ("MDL") involves the contraceptive Paragard,

an intrauterine device ("IUD"), which is regulated as a drug under the Federal

Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., and the federal

Food and Drug Administration's ("FDA") implementing regulations in Title 21 of

the Code of Federal Regulations. Dkt. No. [79] at 1 & ¶¶ 30, 51, 72, 85.[1] The

matter is presently before the Court on Defendants' Motion to Dismiss Cases

Barred by Certain Statutes of Limitations and Repose. Dkt. No. [709].

Plaintiffs have filed a master response brief in opposition to the motion,

Dkt. No. [729], and a number of individual plaintiffs have exercised their right to

---

[1]     The Second Amended Master Personal Injury Complaint, Dkt. No. [79], is
the operative master complaint in this matter. For simplicity's sake, the Court will refer
to it as "the master complaint."

file a supplemental response. Defendants have also filed a master reply brief in
support of the motion to dismiss, Dkt. No. [743], and replies to the individual
responses. After due consideration, the Court enters the following order.

## I.    BACKGROUND

### A.    Facts[2]

Paragard is a non-hormonal, non-surgical IUD that is placed into a
woman's uterus by a healthcare provider. Dkt. No. [79] ¶¶ 30-31. It is composed
of copper wire wrapped around a T-shaped plastic frame. Id. ¶ 31. The copper is
intended to produce an inflammatory reaction that disrupts sperm transport and
egg fertilization and prevents the woman from getting pregnant. Id. A thin thread
tied through the tip of each Paragard is intended to aid in the easy detection and
non-surgical removal of Paragard from a woman's body. Id

Each Plaintiff in this MDL is a woman who had a Paragard break while it
was still inside her body. Id. ¶¶ 11, 14, 148, 150. Plaintiffs allege that Paragard is
prone to break inside a woman's body, partly because the product is insufficiently
flexible. Id. ¶ 52. Unlike other IUDs, "Paragard's arms have no curvature and are
fixed, straight plastic arms bonded to [a] plastic vertical post," which results in a
less flexible product. Id. ¶¶ 51, 62. Plaintiffs contend that this unique, rigid,
T-shaped design is prone to snap at the arms, causing Paragard to break more

---

[2]    For the purposes of this order, the Court accepts as true the well-pleaded
facts alleged Plaintiffs' pleadings and construes all reasonable inferences from those
facts in favor of Plaintiffs. See infra Part II.

than any other IUD on the market in the United States. Id. ¶¶ 51, 53, 62. Plaintiffs state that the inflexibility is also partly caused by the raw plastic not meeting minimum flexibility requirements. Id. ¶¶ 37, 54. Plaintiffs allege that because of these flaws, Paragard breaks in the body before or during removal and has caused their injuries. Id. ¶¶ 14, 62, 150-54.

Plaintiffs further allege that Defendants knew or should have known that Paragard could cause and did cause serious harm to women due to its propensity to break in utero or during removal but that Defendants failed to adequately warn of these risks. Id. ¶¶ 64-69. Specifically, Plaintiffs aver that between 2009 and 2020, Defendants received reports of over 2000 Paragard breaks, which should have put them on notice of disproportionally frequent breakage, but that Defendants failed to properly investigate, record, or submit those reports to the FDA and failed to amend the label to warn (1) that Paragard is prone to break, including during removal, even when it is neither embedded in nor has perforated the uterus; (2) that such breakages occur frequently; and (3) that severe injuries—including infertility—can result from such breakages. Id. ¶¶ 6, 7, 68-70, 78-81, 97-102, 120-21. They also contend that Defendants undertook a concerted marketing campaign to promote Paragard as a safe, effective, and easily reversible form of non-surgical birth control. Id. ¶¶ 9, 30, 75-77.

Plaintiffs additionally allege that they suffered injuries from Paragard's manufacturing defects, which resulted from Defendants' failure to comply with

current good-manufacturing practices and their own standard operating procedures. Id. ¶¶ 129-47.

### B. Procedure

Plaintiffs assert sixteen causes of action in the master complaint: Strict Liability—Design Defect (Count I); Strict Liability—Failure to Warn (Count II); Strict Liability—Manufacturing Defect (Count III); Negligence (Count IV); Negligence—Design & Manufacturing Defect (Count V); Negligence—Failure to Warn (Count VI); Fraud & Deceit (Count VII); Fraud by Omission (Count VIII); Negligent Misrepresentation (Count IX); Breach of Express Warranty (Count X); Breach of Implied Warranty (Count XI); Violation of Consumer Protection Laws (Count XII); Gross Negligence (Count XIII); Unjust Enrichment (Count XIV); Punitive Damages (Count XV); and Loss of Consortium (Count XVI). Id. at 49-104. Each plaintiff has also filed a short-form complaint in her individual case, in which she incorporates the master complaint by reference and asserts, among other things, which of the claims in the master complaint she adopts; the state where she lived when her Paragard was placed, the state where she lived when her Paragard was removed, and the state where she lived when the complaint was filed; whether her Paragard was broken upon removal; what injuries she is claiming; whether she is claiming tolling or fraudulent concealment; and any facts or legal basis for tolling or fraudulent concealment beyond the facts alleged in the master complaint. See Dkt. No. [129-1]. Each plaintiff has additionally

served upon Defendants a "Plaintiff Fact Sheet" ("PFS") detailing her claims and providing other basic information. See Dkt. No. [331].

Defendants now move under Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal or partial dismissal of a couple of hundred cases they contend "are indisputably time-barred as a matter of law on their face." Dkt. No. [709]. Defendants divide the cases into three general groups: (1) cases where state law would apply a statute of limitations commencing on the date of injury, which Defendants assert is no later than the date of the latest removal surgery; (2) cases where the state law provides a statute of repose that would bar the plaintiffs' claims in their entirety; and (3) cases where state law provides a statute of repose that would bar the strict-liability claims. Id. at 2.

Plaintiffs oppose the motion. They first argue that the Court should not consider the motion because it is untimely, is a waste of the MDL court's resources, and presents impermissible choice-of-law and fact questions. They further argue that if the Court does consider the motion to dismiss, the motion should fail because Plaintiffs' allegations of fraudulent concealment toll the limitations periods or estop Defendants from raising the limitations defenses; Plaintiffs' claims are not facially time-barred because neither the master complaint nor the short-form complaints allege when they were injured; and Defendants have misapplied the relevant statutes. Some plaintiffs also argue that the Court should deny Defendants' motion with regard to their cases because the

motion relies on erroneous quotations of their individual complaints or on facts outside the pleadings.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully" or the "mere possibility of misconduct," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678-79 (quotation marks omitted). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556). In other words, the well-pleaded allegations in the complaint must contain

factual allegations sufficient to "nudge[] [a party's] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

At the motion-to-dismiss stage, " 'all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.' " FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

## III.   DISCUSSION

Defendants' motion and Plaintiffs' responses present several overarching issues that bear addressing before the Court considers the state-by-state arguments.

### A.   Procedural Bars to Motion

Because it presents a threshold matter, the Court first considers Plaintiffs' argument that the Court should not take up the motion to dismiss because it is untimely and a waste of MDL resources. Plaintiffs argue that, given that the Court already denied a motion to dismiss the master complaint, the present motion amounts to an impermissible second bite at the apple. Dkt. No. [729] at 14-17.[3] Plaintiffs also note that the purpose of assigning cases to multidistrict litigation is

---

[3]    Where a brief's original page numbering differs from the numbering assigned by the Court's electronic filing system, the Court will use the page numbers assigned by its electronic filing system.

to promote efficiency through the coordination of discovery and not to resolve plaintiff-specific issues. Id. at 19-21. Plaintiffs further point out that, to that end, the Court has entered a choice-of-law order which mandates that "[n]o party may file a motion that requires the Court to resolve the issue of what law applies to a particular case until after the completion of the initial [b]ellwether trials, except in cases where the applicable law is not reasonably in dispute." Id. at 18 (citing Dkt. No. [675] ¶ 4).

The Court is mindful of these issues. Nevertheless, the Court finds that the motion is timely and is likely to move the case forward as a whole. It is true, as Plaintiffs point out, that the motion to dismiss is largely case-specific. However, it is because the motion is case specific—in that it is filed in response to disclosures made in the short-form complaints—that the Court does not find it duplicative of the motion to dismiss the master complaint. It also appears that Defendants' motion is, for the most part, crafted narrowly so that it seeks dismissal of a limited number of categories of cases based on common questions of law. Thus, the Court finds it likely that a relatively small investment of its time may pay dividends in enabling the parties to better value the case prior to investment in bellwether trials.

## B.    Pinpointing the Time of Claim Accrual

The next universal issue is whether, at this point in the case, it is possible to pinpoint the time Plaintiffs' injuries accrued. In large part, Plaintiffs' arguments against dismissal for untimely filing rest on their contention that

Defendants make improper factual assumptions in determining the dates Plaintiffs' personal-injury claims accrued. Plaintiffs contend that Defendants are impermissibly attempting to substitute "breakage" for "injury": that Paragard breakage is the signature *defect*, but that the master complaint states that for many women, the injury is the resulting surgery or hysterectomy, and thus that the motion to dismiss must be denied because the individual injury date has not been established. Dkt. No. [729] at 25-26.

The Court does not find merit in the contention. The Court is well aware of its obligation to view the pleadings and the inferences drawn therefrom in the light most favorable to Plaintiffs. However, that obligation only extends so far as the inferences may be *reasonably* drawn from the allegations. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.

According to the master complaint, each plaintiff's Paragard was already broken at the time of removal: "Plaintiffs' Paragard *broke inside their bodies*, including, but not limited to, during routine removal, causing complications and injuries to Plaintiffs, including but not limited to, surgeries to remove the broken piece of device, infertility, and pain." Dkt. No. [79] ¶ 150 (emphasis added). Plaintiffs also clearly allege in the master complaint that the injuries resulted from the Paragard breakage: that Paragard is prone to snap at the arms, that it thus breaks more than any other IUD on the market in the United States, and that Plaintiffs were injured by their broken Paragards. Dkt. No. [79] ¶¶ 51, 53,

62, 150. The injury-causing malfunction thus had already taken place and inflicted injury by the time the Paragard was removed from the woman's body.

Where there was more than one removal procedure, at least the second medical intervention to remove the broken Paragard—a medical intervention that would not otherwise have been necessary—amounts to a manifest, present injury. Where there was only one Paragard removal, there is no reasonable dispute that the first injury would have taken place by the time of that removal: it would defy logic to find that a broken Paragard may not have inflicted medically ascertainable injuries until *after* it had already been removed from the woman's body. The Court will evaluate the untimeliness arguments accordingly.

### C.    Tolling / Estoppel

Another near-universal issue is whether Plaintiffs pleaded facts establishing fraudulent concealment, thereby justifying the application of tolling or equitable estoppel to statutes of limitations or repose that would otherwise render claims untimely. See Dkt. No. [729] at 24-25. On this issue, Plaintiffs have the better argument.

The Court found in its order denying the motion to dismiss the master complaint that Plaintiffs had adequately pleaded fraud, including Defendants' allegedly false representations to the public, the medical community, Plaintiffs, and their physicians. Plaintiffs allege in the master complaint that Defendants misrepresented in vehicles including product labels, "websites, information presented at medical and professional meetings, information disseminated by

sales representatives to physicians and other medical care providers, professional literature, reports, press releases, advertising campaigns, television commercials, print advertisements, and other commercial media" that Paragard was safe and effective, when Defendants were in a unique position to know otherwise based on reports of more than 2000 Paragard breaks and testing results indicating elevated risk of adverse events. Dkt. No. [235] at 13-20 (citing, *inter alia*, Dkt. No. [79] ¶¶ 72-73, 76, 100-02, 112-21, 292, 300). Plaintiffs have also pleaded that Defendants engaged in deception by failing to comply with established procedures for reporting adverse events to the FDA and instead concealing them. Id. ¶¶ 121, 125-27. Simply put, viewing the pleadings in the light most favorable to Plaintiffs, there is enough to enable a reasonable finder of fact to conclude that Defendants intentionally lied in order to delay Plaintiffs' discovery of their claims. That said, by the date of the first Paragard removal, it was no longer necessary for Plaintiffs to rely on Defendants' omissions and false representations, as the pleadings indicate that each plaintiff had knowledge by then that the Paragard had broken inside her.

The Court will evaluate the equitable tolling and estoppel arguments against this background.

### D.    Counts Subject to Dismissal

It also bears noting upfront that Defendants pleaded their motion to dismiss in generalized terms. Although the master complaint sets out 16 distinct, numbered counts, Defendants do not expressly cross-reference any of those

numbered counts in their motion to dismiss. Instead, they refer broadly to generalized causes of action such as "personal injury" and "breach of warranty." To avoid sandbagging Plaintiffs, the Court will not construe those general terms broadly.

### E.    Motion to Dismiss Claims as Untimely Under Statutes of Limitations of Alabama, Idaho, Michigan, Mississippi, New York, and Virginia

With that foundation in mind, the Court now turns to the state-specific arguments for dismissal of certain claims as untimely. Defendants first move the Court to dismiss, under their respective statutes of limitations, claims from two Alabama cases, Dkt. No. [709-1] at 17; six Idaho cases, id. at 7; 14 Michigan cases, id. at 11; three Mississippi cases, id. at 11-12; 41 New York cases, id. at 13-14, 17-18; and 17 Virginia cases, id. at 14-15. Dkt. No. [709] at 5-19.

Defendants argue that under the law of the states of Alabama, Idaho, Michigan, Mississippi, New York, and Virginia, the statute of limitations begins to run upon the date of injury, which Defendants contend was no later than the date of latest removal surgery. Id. Using this date as an anchor, they argue that certain claims were untimely because they were filed after the expiration of the relevant statute of limitations.

### 1. Alabama

Defendants seek dismissal of personal-injury claims and claims for express and implied breach of warranty in certain cases under Alabama law.[4] Dkt. No. [709] at 5-8; Dkt. No. [709-1] at 17.

### a. Choice of Law

In both Alabama cases, Plaintiffs argue that because the state of placement is not alleged in the short-form complaint, there "may be" a choice-of-law issue. Dkt. No. [729-1] at 3, 8 (incorporating by reference Dkt. No. [729] at 56-60). Defendants point out, however, that under its choice-of-law rules, Alabama courts apply Alabama law because Alabama law provides that the law of the forum governs procedural matters and generally deems statutes of limitations to be procedural. Dkt. No. [709] at 5 (citing Reece v. Intuitive Surgical, Inc., 63 F. Supp. 3d 1337, 1339-40 (N.D. Ala. 2014)). This appears to be an accurate statement of the law, and Plaintiffs have not provided any argument or authority suggesting that it is not. Thus, the Court will evaluate this portion of the motion to dismiss under Alabama law.

In Alabama, "[a]ll actions for any injury to the person or rights of another not arising from contract . . . must be brought within two years" of the date of accrual. Ala. Code § 6-2-38(*l*). Alabama law provides that claims for breach of

---

[4]    Defendants also set out the statutes of limitations for other claims in a footnote, see Dkt. No. [709] at 6 n.4, but because the arguments are undeveloped and because Defendants have not responded to Plaintiffs' allegation that this portion of the motion is out of compliance with the Court's order to first meet and confer on the issues, Dkt. No. [729] at 27 n.7, the Court does not consider them.

warranty are subject to a four-year limitations period. Ala. Code § 7-2-725 (1), (2). Where "it appears from the face of the complaint that the plaintiff's claim is time-barred, the defendant is entitled to a dismissal based upon the defense of the statute of limitations, without the necessity of offering any proof." Tobiassen v. Sawyer, 904 So.2d 258, 261 (Ala. 2004) (internal quotation marks omitted).

b.    *Personal Injury*

Under Alabama law, a cause of action for personal injury "accrues only when there has occurred a manifest, present injury." Griffin v. Unocal Corp., 990 So.2d 291, 293 (Ala. 2008). In both of the cases at issue, the plaintiff alleges breakage at removal and more than one removal procedure. Compl., Coats v. Teva Pharms. USA, Inc., No. 1:22-cv-3689-LMM, ECF No. [1] at 3-4 (N.D. Ga. Sept. 13, 2022); Compl., Robinson v. Teva Pharms. USA, Inc., No. 1:22-cv-3238, ECF No. [1] at 3-4 (N.D. Ga. Aug. 15, 2022).

As previously discussed, there is no reasonable dispute that at least the second medical intervention to remove the broken Paragard amounts to a manifest, present injury. See supra Part III.B. Defendants point to allegations in the short-form complaints establishing the date of last removal, and they set out each respective filing date. Dkt. No. [709-1] at 17. Both of the filing dates fall outside the two-year statute of limitations. Accordingly, the Court **GRANTS** the motion to dismiss the personal-injury claims from the Alabama cases.

### c.    Breach of Warranty

A breach-of-warranty claim generally accrues at the date of delivery. Ala. Code § 7-2-725(1), (2). In these cases, the Court need not look so far back to determine that the breach-of-warranty claims are barred by the statute of limitations. As discussed above, even though the pleadings are sufficient to plausibly establish that fraudulent concealment precluded Plaintiffs from discovering any breach of warranty, the hindrance was over by the time breakage was discovered at removal. See supra Part III.C. Both cases were filed more than four years after the second removal surgery. See Dkt. No. [709-1] at 17. Therefore, the breach-of-warranty claims were filed out of time, and the Court **GRANTS** the motion to dismiss those claims as well.

### d.    Conclusion

The motion to dismiss, Dkt. No. [709], is **GRANTED** as to the Alabama cases appearing in Exhibit 1 to Defendants' motion to dismiss. Dkt. No. [709-1] at 17. The claims for personal injury (Counts I-VI, XIII) and breach of warranty (Counts X, XI) in those cases are thus **DISMISSED** as untimely.

## 2.    Idaho

Defendants seek dismissal of the personal-injury claims asserted in certain cases under Idaho law.[5] Dkt. No. [709] at 8-10; Dkt. No. [709-1] at 7. Because

---

[5]    Defendants also assert in a footnote that the breach-of-warranty claims are subject to a two-year statute of limitations and contend that "summary judgment" is warranted on some or all of Plaintiffs' other claims. Dkt. No. [709] at 9 n.8. Because the arguments are undeveloped and because Defendants have not responded to Plaintiffs' allegation that this portion of the motion is out of compliance with the Court's order to

Defendants have included only those Idaho cases where the plaintiff lives, had her Paragard placed, and had her Paragard removed in Idaho, there are no choice-of-law issues. See Dkt. No. [729-1] at 4-6, 8.

In Idaho, a claim alleging personal injury due to a defective product is governed by the state's two-year statute of limitations for personal-injury claims. Idaho Code Ann. § 6-1403(3). The clock begins to run from "the time of the occurrence, act or omission complained of." Idaho Code Ann. § 5-219(4). Such claim does not accrue until "some damage" has occurred, Winfree ex rel. Cosgrove v. Merrell Dow Pharms., Inc., 788 P.2d 1293, 1298 (Idaho 1989); Reynolds v. Trout Jones Gledhill Fuhrman, P.A., 293 P.3d 645, 648-49 (Idaho 2013), and there is "objective proof of the damage," Reynolds, 293 P.3d at 649; accord Conner v. Hodges, 333 P.3d 130, 135 (Idaho 2014) (explaining that there must be an "objectively ascertainable" injury, meaning that "objective medical proof would support the existence of an actual injury" (internal quotation marks omitted)).

In four of the Idaho cases, the plaintiff alleges that her Paragard was broken upon removal and that she underwent more than one removal procedure. See Compl., Koncz v. Teva Pharms. USA, Inc., No. 1:23-cv-1414-LMM, ECF No. [1] at 3-4 (N.D. Ga. Mar. 31, 2023); Compl., Moss v. Teva Pharms. USA, Inc., No. 1:21-cv-5320-LMM, ECF No. [1] at 3-4 (N.D. Ga. Dec. 29, 2021); Compl.,

---

first meet and confer on the issues, Dkt. No. [729] at 29-30 n.8, the Court does not consider them.

Thurman v. Teva Pharms. USA, Inc., No. 1:22-cv-2088-LMM, ECF No. [1] at 2-3 (N.D. Ga. May 25, 2022); Compl., Torres v. Teva Pharms. USA, Inc., No. 1:23-cv-1710-LMM, ECF No. [1] at 3-4 (N.D. Ga. Apr. 17, 2023). There is no reasonable dispute that a second medical intervention to remove the Paragard is an objectively ascertainable injury attributable to the Paragard. See supra Part III.B. Each of the cases was filed more than two years after the second removal procedure and thus falls outside the statute of limitations. See Dkt. No. [709-1] at 7. Accordingly, the Court **GRANTS** the motion to dismiss the personal-injury claims from the Idaho cases involving claims of more than one procedure to remove a broken Paragard.

In the other two cases, the plaintiffs allege that the Paragard broke at the time of removal, but neither plaintiff claims to have undergone more than one removal procedure. See Compl., Foster v. Teva Pharms. USA, Inc., No. 1:23-cv-4748-LMM, ECF No. [1] at 3-4 (N.D. Ga. Oct. 17, 2023); Compl., McDonald v. Teva Pharms. USA, Inc., No. 1:22-cv-455-LMM, ECF No. [1] at 3-4 (N.D. Ga. Feb. 4, 2022). This is still enough to establish an objectively ascertainable injury. The injuries are alleged to have resulted from broken pieces of plastic: if a broken Paragard were to inflict injuries, it must have done so prior to or at the time of removal. See supra Part III.B. In both of the remaining Idaho cases, that date fell more than two years before the plaintiff filed action. See Dkt. No. [709-1] at 7. Thus, the personal-injury claims in those cases are also subject to dismissal as untimely.

Accordingly, the motion to dismiss, Dkt. No. [709], is **GRANTED** as to the Idaho cases appearing in Exhibit 1 to Defendants' motion to dismiss. Dkt. No. [709-1] at 7. The claims for personal injury (Counts I-VI, XIII) in those cases are thus **DISMISSED** as untimely filed.

### 3.    *Michigan*

Defendants seek dismissal of all the claims asserted in the Michigan cases appearing in Exhibit 1 to their motion to dismiss. Dkt. No. [709] at 10-12; Dkt. No. [709-1] at 11.

### a.    *Choice of Law*

Defendants state in their motion to dismiss that there is no question of choice of law because they seek dismissal only of Michigan cases where the plaintiff "resides in, had her Paragard placed in, and had her Paragard removed in Michigan." Dkt. No. [709] at 10 n.9. Plaintiffs point out that in a number of cases, this is not true: in Early v. Teva Pharmaceuticals USA, Inc., No. 1:22-cv-02550-LMM, ECF No. [1] at 2 (N.D. Ga. June 25, 2022), the plaintiff states that she lived in Georgia at the time she filed her complaint; in Fling v. Teva Pharmaceuticals USA, Inc., No. 1:23-cv-01616-LMM (N.D. Ga. Apr. 13, 2023), the plaintiff states that she had her Paragard placed in Colorado, that she lived in Colorado at the time of placement, and that she lived in Colorado at the time she filed suit; and in Lane v. Teva Pharmaceuticals USA, Inc., No. 1:22-cv-02499 (N.D. Ga. June 22, 2022) and Munger v. Teva Pharmaceuticals USA, Inc., No. 1:22-cv-03146 (N.D. Ga. Aug. 9, 2022), the state of placement is not alleged in the

short-form complaint. Dkt. No. [729-1] at 4, 5, 7. Plaintiffs therefore contend that the laws of the states of Georgia, Colorado, and some other unknown states could be at issue. Id.; Dkt. No. [729] at 56-60.

Each of these plaintiffs concede that a Michigan district court is an appropriate venue for her claims. See Compl., Early, No. 1:22-cv-02550-LMM, ECF No. [1] at 2; Compl., Fling, No. 1:23-cv-01616-LMM, ECF No. [1] at 2; Compl., Lane, No. 1:22-cv-02499, ECF No. [1] at 2; Compl., Munger, No. 1:22-cv-03146, ECF No. [1] at 2. Defendants correctly assert that for tort actions, Michigan's choice-of-law test applies a presumption in favor of the law of the forum and will only apply a foreign state's law where that foreign state has an interest sufficient to overcome this presumption. Sutherland v. Kennington Truck Serv., Ltd., 562 N.W.2d 466, 470-71 (Mich. 1997).

The United States Supreme Court has held that "the plaintiff's residence, with nothing more, is insufficient to support the choice of a state's law." Id. at 472 (citing Home Ins. Co. v. Dick, 281 U.S. 397, 408 (1930); John Hancock Mut. Life Ins. Co. v. Yates, 299 U.S. 178 (1936)). Thus, the fact that Plaintiff Early lived in Georgia at the time she filed her complaint does not give rise to a choice-of-law issue.

However, Defendants have supplied no legal authority suggesting that where the allegedly faulty Paragard was placed in the patient in another state, Michigan courts would not defer to the law of that foreign state. The plaintiff in Fling has pleaded that her Paragard was placed in Colorado and that she lived in

Colorado at the time. Compl., <u>Fling</u>, No. 1:23-cv-01616-LMM, ECF No. [1] at 3. For this reason, the Court finds that <u>Fling</u> presents a choice-of-law question in violation of the Court's case management order, Dkt. No. [675].

On the other hand, the Court is not persuaded that <u>Lane</u> or <u>Munger</u> presents a choice-of-law question, as the plaintiffs in both cases state that they were residents of Michigan when their Paragards were placed and removed, that the removal procedures took place in Michigan, and that they lived in Michigan when they filed their lawsuits. Compl., <u>Lane</u>, No. 1:22-cv-02499, ECF No. [1] at 2-3; Compl., <u>Munger</u>, No. 1:22-cv-03146, ECF No. [1] at 2-3. It follows that the pleadings do not give rise to an inference that any other state has an interest in those plaintiffs' claims sufficient to overcome the presumption that Michigan law will apply.

The Court therefore **DENIES** the motion to dismiss as to <u>Fling</u>, No. 1:23-cv-01616-LMM, but will consider Defendants' statute-of-limitations arguments with regard to <u>Early</u>, No. 1:22-cv-02550-LMM, <u>Lane</u>, No. 1:22-cv-02499, and <u>Munger</u>, No. 1:22-cv-03146.

   b.   *Statute-of-Limitations Analysis*

In Michigan, the applicable statute of limitations is governed by the gravamen of the complaint. <u>Att'y Gen. v. Merck Sharp & Dohme Corp.</u>, 807 N.W.2d 343, 347 (Mich. Ct. App. 2011). Here, the gravamen of each Plaintiff's complaint is that a broken Paragard caused her internal injuries. <u>See, e.g.,</u> Dkt. No. [79] ¶ 150. Thus, all of the claims brought under a legal or equitable

theory of liability for personal injury: "design defect, manufacturing defect, failure to warn, negligence, gross negligence, negligent misrepresentation, breach of express warranty, breach of implied warranty, and catch-all Michigan statutory and common law remedy claims all sound as product liability claims." <u>Good v. Howmedica Osteonics Corp.</u>, Case Nos. 15-cv-10133, 15-cv-10134, 2015 WL 8175256, at *3 (E.D. Mich. Dec. 8, 2015).

Michigan applies a three-year statute of limitations to such claims. Mich. Comp. Laws § 600.5805(12). The limitations period runs from the time the claim accrues, which is "the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws § 600.5827. The date of the wrong is "the date on which [the] plaintiff was harmed by the defendant's act." <u>Smith v. Stryker Corp.</u>, Docket No. 294916, 2011 WL 445646, at *1 (Mich. Ct. App. Feb. 8, 2011). Typically, "a claim accrues even if the plaintiff is not subjectively aware of an injury or its cause." <u>Tice v. Zimmer Holdings, Inc.</u>, No. 1:15-cv-134, 2015 WL 4392985, at *3 (W.D. Mich. July 15, 2015); <u>accord</u> <u>Smith</u>, 2011 WL 445646 at *1 (holding that the harm occurred during the use of the product, even though the damages did not manifest until later).

In eight of the remaining Michigan cases, the plaintiff alleges that her Paragard was broken upon removal and that she underwent more than one removal procedure. <u>See</u> Compl., <u>Carson v. Teva Pharms. USA, Inc.</u>, No. 1:23-cv-1705-LMM, ECF No. [1] at 3-4 (N.D. Ga. Apr. 17, 2023); Compl., <u>Deising v. Teva Pharms. USA, Inc.</u>, No. 1:21-cv-3045-LMM, ECF No. [1] at 3-4 (N.D. Ga. July 29,

2021); Compl., Earley, No. 1:22-cv-2550-LMM, ECF No. [1] at 3-4; Compl., Gotham v. Teva Pharms. USA, Inc., No. 1:21-cv-3585-LMM, ECF No. [1] at 3-4 (N.D. Ga. Aug. 30, 2021); Compl., Levens v. Teva Pharms. USA, Inc., No. 1:21-cv-4132-LMM, ECF No. [1] at 3-4 (N.D. Ga. Oct. 7, 2021); Compl., Miller v. Teva Pharms. USA, Inc., No. 1:23-cv-1658-LMM, ECF No. [1] at 3-4 (N.D. Ga. Apr. 14, 2023); Compl., Nestorak v. Teva Pharms. USA, Inc., No. 1:22-cv-3814-LMM, ECF No. [1] at 3-4 (N.D. Ga. Sept. 21, 2022); Compl., Lane, No. 1:22-cv-02499, ECF No. [1] at 3-4. The second removal procedure was obviously a wrong attributable to the Paragard. See supra Part III.B. Each of the eight cases was filed more than three years after the latest removal procedure and thus falls outside the statute of limitations. See Dkt. No. [709-1] at 11. Accordingly, the Court **GRANTS** the motion to dismiss these Michigan cases.

As to the remaining five cases, the plaintiffs allege that the Paragard broke at the time of removal, but none of the plaintiffs claim to have undergone more than one removal procedure. See Compl., Higgins v. Teva Pharms. USA, Inc., 1:22-cv-01506-LMM, ECF No. [1] at 3-4 (N.D. Ga. Apr. 20, 2022); Compl., McIntyre v. Teva Pharms. USA, Inc., 1:22-cv-03242-LMM, ECF No. [1] at 3-4 (N.D. Ga. Aug. 15, 2022); Compl., Munger, No. 1:22-cv-03146, ECF No. [1] at 3-4; Compl., Ott v. Teva Pharms. USA, Inc., 1:22-cv-01511-LMM, ECF No. [1] at 3-4 (N.D. Ga. Apr. 20, 2022); Compl., Taylor v. Teva Pharms. USA, Inc., 1:23-cv-01617-LMM, ECF No. [1] at 3-4 (N.D. Ga. Apr. 13, 2023). Be that as it may, it is not reasonable to presume that the broken Paragard may not have inflicted harm

until *after* it had already been removed. <u>See</u> <u>supra</u> part III.B. Each of these cases was also filed more than three years after removal and thus falls outside the statute of limitations. Consequently, the Court also **GRANTS** the motion to dismiss these Michigan cases.

   c. *Conclusion*

   For these reasons, the Court **DENIES** the motion to dismiss as to <u>Fling</u>, No. 1:23-cv-01616-LMM, ECF No. 1 at 2; **GRANTS** the motion as to all of the claims in each of the remaining Michigan cases appearing in Exhibit 1 to Defendants' motion to dismiss; and **DISMISSES** as untimely filed each of the remaining Michigan cases appearing in Exhibit 1 to Defendants' motion to dismiss. Dkt. No. [709-1] at 11.

   *4.* ***Mississippi***

   Defendants seek dismissal of the product-liability and breach-of-warranty claims asserted in the Mississippi cases appearing in Exhibit 1 to their motion to dismiss. Dkt. No. [709] at 12-14; Dkt. No. [709-1] at 11-12.

   a. *Choice of Law*

   Defendants contend that Mississippi law should apply because Mississippi deems the statute of limitations to be a procedural issue to which it applies its own law. Dkt. No. [709] at 12. Plaintiffs argue, however, that there is a choice-of-law issue in one of the three Mississippi cases subject to Defendants' motion: in <u>Mosley v. Teva Pharms. USA, Inc.</u>, No. 1:22-cv-4140-LMM (N.D. Ga. Oct. 17, 2022), the plaintiff asserts in the complaint that she was a resident of Florida at

the time she filed her complaint and that the district court and division in which personal jurisdiction and venue would be proper is the District Court for the Northern District of Florida. Dkt. No. [729-1] at 6 (incorporating by reference Dkt. No. [729] at 56-60); Compl., Mosley, No. 1:22-cv-4140-LMM, ECF No. [1] at 1.

Again, the plaintiff's residence at the time of filing is not enough on its own to support the choice of a state's law. Dick, 281 U.S. at 408. And in Mosley, the plaintiff's residence at the time of filing is the only connection to Florida: she states that her Paragard was placed and removed in Mississippi and that she lived in Mississippi at the time. Compl., Mosley, No. 1:22-cv-4140-LMM, ECF No. [1] at 1-2.

The Court therefore finds no reasonable debate over the choice of law to be applied to the Mississippi cases at issue in the motion to dismiss. Thus, the Court will evaluate the statute-of-limitations arguments under Mississippi law.

### b.    *Statute-of-Limitations Analysis*

Defendants seek dismissal of the product-liability claims as untimely under a three-year statute of limitations and dismissal of the breach-of-warranty claims as untimely under a six-year statute of limitations. Dkt. No. [709] at 12-14.[6] (citing Elliott v. El Paso Corp., 181 So.3d 263, 268 (Miss. 2015)).

---

[6]    Defendants also appear to seek dismissal of some claims as superseded by the Mississippi Products Liability Act ("MPLA"). Dkt. No. [709] at 13 n.11. The Court does not find the issue sufficiently argued and therefore will not consider it.

i.    Personal-Injury Claims

It is clear from the faces of the complaints that the personal-injury claims were filed outside the statute of limitations. The three-year statute of limitations begins to run when the plaintiff knew or should have known of her injury. Miss. Code § 15-1-49(1). In two of the Mississippi cases, the plaintiff alleges that her Paragard was broken upon removal and that she underwent more than one removal procedure. See Compl., Kettler v. Teva Pharms. USA, Inc., No. 1:23-cv-5990-LMM, ECF No. [1] at 3-4 (N.D. Ga. Dec. 27, 2023); Compl., Mosley, No. 1:22-cv-4140-LMM, ECF No. [1] at 2-3. There is no reasonable dispute that a second medical intervention to remove the Paragard is an injury of which the plaintiff is aware. See supra Part III.B. In the remaining case, the plaintiff alleged only one removal procedure, but she indicated that she was injured because the removal required "complicated medical interventions." Compl., Sharp v. Teva Pharms. USA, Inc., No. 1:21-cv-3115-LMM, ECF No. [1] at 3-4 (N.D. Ga. Aug. 2, 2021). Thus, this plaintiff was also clearly aware of her injury on the date of last removal.

These cases were filed outside the three-year statute of limitations for product-liability actions. Dkt. No. [709-1] at 11-12. Accordingly, the Court **GRANTS** the motion to dismiss those claims and **DISMISSES** the personal-injury claims (Counts I-VI, XIII) from the Mississippi cases appearing in Exhibit 1 to the motion to dismiss.

ii.    Breach-of-Warranty Claims

The breach-of-warranty claims would have accrued by the same time the personal-injury claims accrued. The six-year statute of limitations typically begins to run on a breach-of-warranty claim "when tender of delivery is made." Miss. Code Ann. § 75-2-725(1), (2). However, the limitations period may be tolled where the defendant engaged in affirmative conduct intended to conceal the existence of a claim. Ross v. Citifinancial, Inc., 344 F.3d 458, 464 (5th Cir. 2003).

Under this standard, Plaintiffs pleaded fraud sufficient to toll the statute of limitations on the breach-of-warranty claims. See supra Part III.C. Yet even given Plaintiffs' adequate pleadings of fraud, any toll on the claims for breach of warranty would have ended by the time of last removal: by that date, it was no longer necessary for Plaintiffs to rely on Defendants' omissions and false representations, as each plaintiff had knowledge by then that the Paragard had broken inside her. Id.

Two of the Mississippi cases were filed within the six-year statute of limitations for claims of breach of warranty. Thus, the Court **GRANTS** the motion as to the time-barred breach-of-warranty claims, Kettler v. Teva Pharms. USA, Inc., No. 1:23-cv-5990-LMM, and **DENIES** it as to the breach-of-warranty claims asserted in the other Mississippi cases, Sharp, No. 1:21-cv-3115-LMM; Mosley, No. 1:22-cv-4140-LMM.

*c.    Conclusion*

The motion to dismiss is **GRANTED** as to the personal-injury claims (Counts I-VI, XIII) asserted in all three Mississippi cases and as to the breach-of-warranty claims (Counts X, XI) asserted in <u>Kettler v. Teva Pharms. USA, Inc.</u>, No. 1:23-cv-5990-LMM. Those claims are therefore **DISMISSED**. The motion is **DENIED** as to the breach-of-warranty claims asserted in <u>Sharp</u>, No. 1:21-cv-3115-LMM, and <u>Mosley</u>, No. 1:22-cv-4140-LMM.

**5.    *Virginia***

Defendants seek dismissal of all the claims asserted in the Virginia cases appearing in Exhibit 1 to their motion. Dkt. No. [709] at 17-19; Dkt. No. [709-1] at 14-15.

*a.    Choice of Law*

Two of the plaintiffs state in their short-form complaints that their Paragards were removed in other jurisdictions, and they now argue that the law of those jurisdictions therefore may apply. <u>See</u> Compl., <u>Anderson v. Teva Pharms. USA, Inc.</u>, No. 1:21-cv-3658-LMM, ECF No. [1] at 3-4 (N.D. Ga. Sept. 2, 2021); Br., <u>id.</u>, ECF No. [14]; Compl., <u>Hamel v. Teva Pharms. USA, Inc.</u>, No. 1:21-cv-3554-LMM, ECF No. [1] at 3-4 (N.D. Ga. Aug. 27, 2021); Br., <u>id.</u>, ECF No. [18]; <u>see also</u> Dkt. No. [729-1] at 3, 5. Plaintiffs also argue that where the plaintiff did not allege the state of Paragard placement and/or removal in the short-form complaint or where allegations in the short-form complaint involve conduct

occurring in other states, there "may be" a choice-of-law issue. Dkt. No. [729-1] at 3, 4, 6, 9.

However, those plaintiffs conceded in their short-form complaints that personal jurisdiction and venue would be proper in Virginia district courts, and they offer no argument that this would not still be true. In Virginia, "it is well settled that the forum state's statute of limitations controls, not that of the place of the alleged wrong." Torkie-Tork v. Wyeth, 739 F. Supp. 2d 887, 890 (E.D. Va. 2010) (citing Hospelhorn v. Corbin, 19 S.E.2d 72, 73 (Va. 1942)). Thus, the Court finds no reason Virginia's limitations period would not apply to these and all the other Virginia cases at issue in Defendants' motion to dismiss.

b.    *Statute-of-Limitations Analysis*

Under Virginia law, the general rule is that "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A); see also Va. Code § 8.01-246 (providing that § 8.01-243 governs the limitations period for warranty claims based on products liability); Friedman v. Peoples Serv. Drug Stores, Inc., 160 S.E.2d 563, 565-66 (Va. 1968). Much like accrual in Michigan, the right of action in Virginia accrues and the prescribed limitations period begins to run "from the date the injury is sustained in the case of injury to the person . . . and not when the resulting damage is discovered." Va. Code § 8.01-230.

In ten of the Virginia cases, the plaintiff alleges that her Paragard was broken upon removal and that she underwent more than one removal procedure. See Compl., Anderson, No. 1:21-cv-3658-LMM, ECF No. [1] at 3-4; Compl., Barrett v. Teva Pharms. USA, Inc., No. 1:23-cv-4012-LMM, ECF No. [1] at 3-4 (N.D. Ga. Sept. 7, 2023); Compl., Cook v. Teva Pharms. USA, Inc., No. 1:23-cv-1120-LMM, ECF No. [1] at 3-4 (N.D. Ga. Mar. 15, 2023); Compl., Hamel v. Teva Pharms. USA, Inc., No. 1:21-cv-3554-LMM, ECF No. [1] at 3-4 (N.D. Ga. Aug. 27, 2021); Compl., Johnson v. Teva Pharms. USA, Inc., No. 1:22-cv-454-LMM, ECF No. [1] at 3-4 (N.D. Ga. Feb. 4, 2022); Compl., Lemus Diaz v. Teva Pharms. USA, Inc., No. 1:23-cv-312-LMM, ECF No. [1] at 3-4 (N.D. Ga. Jan. 20, 2023); Compl., Mercado v. Teva Pharms. USA, Inc., No. 1:23-cv-1308-LMM, ECF No. [1] at 3-4 (N.D. Ga. Mar. 28, 2023); Compl., Sarley v. Teva Pharms. USA, Inc., No. 1:22-cv-1586-LMM, ECF No. [1] at 3-4 (N.D. Ga. Apr. 22, 2022); Compl., Vann v. Teva Pharms. USA, Inc., No. 1:22-cv-1290-LMM, ECF No. [1] at 3-4 (N.D. Ga. Apr. 1, 2022); Compl., Vetter v. Teva Pharms. USA, Inc., No. 1:23-cv-1407-LMM, ECF No. [1] at 3-4 (N.D. Ga. Mar. 31, 2023). There is no reasonable dispute that a second medical intervention to remove the Paragard is an injury of which the plaintiff is aware. In another case, the plaintiff alleged only one removal procedure, but she indicated that she was injured because she experienced "[p]hysical pain and suffering and mental anguish and anxiety related to the Paragard's breakage and the need for surgical intervention," Compl., McLeod v. Teva Pharms. USA, Inc., No. 1:22-cv-3059-LMM, ECF No. [1] at 3-4 (N.D. Ga.

Aug. 2, 2022), and in one other, the plaintiff also alleged only one removal procedure, but she indicated that she was injured because she experienced an unexpected surgical removal, Compl., Vetter v. Teva Pharms. USA, Inc., No. 1:23-cv-1407-LMM, ECF No. [1] at 3-4 (N.D. Ga. Mar. 31, 2023). Thus, these plaintiffs were also clearly aware of their injuries on the date of removal.

The dates each of these twelve cases were filed all fall outside the statute of limitations. See Dkt. No. [709-1] at 14-15. Accordingly, the Court **GRANTS** the motion to dismiss these Virginia cases.

As to the remaining five Virginia cases, the plaintiffs allege that the Paragard broke at the time of removal, but none of the plaintiffs claim to have undergone more than one removal procedure. Even so, it is not reasonable to presume that the broken Paragard may not have inflicted harm until *after* it had already been removed or that the broken Paragard would not have given Plaintiffs reason to discover their fraud claims. See supra part III.B. Each of these remaining cases were filed more than two years after the date of last removal and thus also fall outside the statute of limitations.

Accordingly, the motion to dismiss, Dkt. No. [709], is **GRANTED** as to all the claims in each of the Virginia cases appearing in Exhibit 1 to Defendants' motion to dismiss, Dkt. No. [709-1] at 14-15, and those cases are **DISMISSED** as untimely filed.

### 6.    *New York*

Defendants seek dismissal of the personal-injury claims and the claims for breach of warranty from all of the New York cases appearing in Exhibit 1 of their motion.[7] Dkt. No. [709] at 14-17; Dkt. No. [709-1] at 13-14, 17-18.

### a.    *Choice of Law*

Defendants assert that New York applies its own statute-of-limitations law as procedural and that the Court therefore should apply New York law to the New York cases. Dkt. No. [709] at 14 (citing <u>Trisvan v. Heyman</u>, 305 F. Supp. 3d 381, 395 (E.D.N.Y. 2018); <u>Braune v. Abbott Lab'ys</u>, 895 F. Supp. 530, 542 (E.D.N.Y. 1995)). Plaintiffs respond by pointing out that allegations in some of the short-form complaints involve conduct in other states and therefore may give rise to a choice-of-law conflict. Dkt. No. [729] at 56-60 (citing Dkt. No. [729-1] at 2-4, 6-9). It appears that Defendants have provided an accurate statement of the law, and Plaintiffs have supplied no authority suggesting that the law of any other state would apply in any of the cases. <u>See</u> <u>id.</u> Thus, the Court analyzes the statute-of-limitations arguments under New York law.

### b.    *Personal-Injury Claims*

New York has a three-year statute of limitations on actions for personal injury, N.Y. C.P.L.R. § 214(5), which begins to run "when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain

---

[7]     Defendants reference the statute of limitations for fraud claims but do not supply any argument. The Court therefore does not consider whether the fraud claims in these suits were untimely filed.

relief in court." Blanco v. Am. Tel. & Tel. Co., 689 N.E.2d 506, 510 (N.Y. 1997) (internal quotation marks omitted). The limitations period on personal-injury claims begins to run upon the injury-causing malfunction of the product. Id. at 510-11; Martin v. Edwards Lab'ys, 457 N.E.2d 1150, 1153-54 (N.Y. 1983). Plaintiffs contend that this cannot be determined on the motion to dismiss because it "is a fact question yet to be discovered." Dkt. No. [729] at 35-37.

As to the majority of the cases hinging on New York law, the Court is not persuaded. According to the master complaint, each plaintiff's Paragard was already broken at the time of removal: "Plaintiffs' Paragard *broke inside their bodies*, including, but not limited to, during routine removal, causing complications and injuries to Plaintiffs, including but not limited to, surgeries to remove the broken piece of device, infertility, and pain." Dkt. No. [79] ¶ 150 (emphasis added). It is therefore axiomatic that the injury-causing malfunction had already taken place—and become apparent—by the last removal date.

For 38 of the 41 cases Defendants seek to dismiss, they point to allegations in the short-form complaints establishing the date of last removal and they note each respective filing date. Dkt. No. [709-1] at 13-14, 17-18. All of the filing dates fall well outside the statute of limitations. Accordingly, the Court **GRANTS** the motion to dismiss the personal-injury claims from those cases.

Two plaintiffs have each shown in their individual responses that Defendants misquoted the latest removal date, which in fact fell within the statute of limitations. See Compl., Carrion v. Teva Pharms. USA, Inc., No. 1:22-

cv-4707-LMM, ECF No. [1] at 3 (N.D. Ga. Nov. 29, 2022); Compl., Wyatt v. Teva Pharms. USA, Inc., No. 1:22-cv-4187-LMM, ECF No. [1] at 3 (N.D. Ga. Oct. 20, 2022). Nonetheless, the error is immaterial under New York law, since the original removal date falls outside the statute of limitations and both Plaintiffs allege breakage—the injury-causing malfunction—upon removal. See Compl., Carrion, No. 1:22-cv-4707-LMM, ECF No. [1] at 3-4; Compl., Wyatt, No. 1:22-cv-4187-LMM, ECF No. [1] at 3-4. Thus, the Court also **GRANTS** the motion to dismiss the personal-injury claims from those cases.

In support of their motion to dismiss the 41st case, Defendants rely on the Plaintiff Fact Sheet to establish the date of last removal. Dkt. No. [907-1] at 17 (seeking dismissal of claims from Look v. Teva Pharms. USA, Inc., No. 1:23-cv-2973 (N.D. Ga. July 5, 2023)). The date of removal set out in the Plaintiff Fact Sheet would also place this case outside the statute of limitations. See PFS, Look, No. 1:23-cv-2973, ECF No. [4-2] at 16. However, granting the Rule 12(b)(6) motion on this basis would be improper, as the ruling would require reliance on facts outside the pleadings. Thus, the Court **CONVERTS** this portion of the motion to dismiss to a motion for summary judgment and **GRANTS** Ms. Look **21 days** from the entry of this order to file evidence that her removal date in fact falls within the statute of limitations.

c. *Breach-of-Warranty Cases*

Defendants also seek dismissal of the claims in these cases for breach of express and implied warranty. The claims for breach of express and implied

warranty are governed by the New York Uniform Commercial Code's four-year statute of limitations, N.Y. U.C.C. Law § 2-725(2), which typically accrues on the date of delivery, Fernandez v. Cent. Mine Equip. Co., 670 F. Supp. 2d 178, 189 (E.D.N.Y. 2009).

As Defendants concede, "a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Simcuski v. Saeli, 377 N.E. 2d 713, 716 (N.Y. 1978). As previously noted, the Court finds that such deceptive conduct has been adequately pleaded but worked to prevent Plaintiffs from filing a timely action only until removal of the broken Paragard. See supra Part III.C.

For the vast majority of the New York plaintiffs, their pleaded last removal date fell outside even the four-year statute of limitations for breach-of-warranty claims. See Dkt. No. [709-1] at 13-14, 17-18. Thus, the motion to dismiss is **GRANTED** with regard to the breach-of-warranty claims in those cases.

However, two of the plaintiffs filed action within four years of her one and only removal date, and, again, in one case, Defendants' allegations regarding the date of latest removal rely on facts outside the record. Accordingly, the motion to dismiss the breach-of-warranty claims is **DENIED** as to the cases filed within four years of the removal date, Armijo v. Teva Pharms. USA, Inc., No. 1:22-cv-2497-LMM (N.D. Ga. June 22, 2022); Jemiolo v. Teva Pharms. USA, Inc., No. 1:22-cv-464-LMM (N.D. Ga. Feb. 4, 2022), and **CONVERTED** into a motion for summary judgment as to Look, No. 1:23-cv-2973. Ms. Look shall have **21 days**

from the entry of this order to file evidence that her removal date falls within the applicable statute of limitations.

> ### d.   Conclusion

The motion to dismiss, Dkt. No. [709], is **GRANTED IN PART** and **DENIED IN PART** as to the New York cases appearing in Exhibit 1 to Defendants' motion to dismiss, Dkt. No. [709-1] at 13-14, 17-18. The claims for personal injury (Counts I-VI, XIII) are **DISMISSED** as untimely as to all the New York cases in Defendants' Exhibit 1 other than <u>Look</u>, No. 1:23-cv-2973. The claims for breach of warranty (Counts X, XI) are **DISMISSED** as untimely as to all the New York cases in Defendants' Exhibit 1 other than <u>Armijo</u>, No. 1:22-cv-2497-LMM; <u>Jemiolo</u>, No. 1:22-cv-464-LMM; and <u>Look</u>, No. 1:23-cv-2973. The motion to dismiss is **CONVERTED** to a motion for summary judgment so far as Defendants seek judgment of the personal-injury and breach-of-warranty claims in <u>Look</u>, No. 1:23-cv-2973. The Court **DEFERS** ruling on the converted motion for summary judgment until Ms. Look's response time has run.

> ### F.   Motion to Dismiss Claims as Facially Barred by the Statutes of Repose of Iowa, North Carolina, Tennessee, and Texas

Defendants also argue that certain claims are facially barred as untimely under the statutes of repose of the states of Iowa, North Carolina, Tennessee, and Texas. Dkt. No. [709]. On this basis, they seek an order dismissing three cases under Iowa law, Dkt. No. [709-1] at 7, 17; 23 cases under North Carolina law, <u>id.</u>

at 12-13, 17; four cases under Tennessee law, id. at 14, 17, 18; and five cases under Texas law, id. Dkt. No. [709] at 20-29.[8]

### 1. *Iowa*

The parties do not dispute that Iowa law applies to the three cases at issue in the motion to dismiss. Iowa prohibits a plaintiff from asserting claims against a manufacturer more than 15 years after the product was first purchased. Iowa Code § 614.1(2A)(a). However, the statute of repose does not apply "if the manufacturer . . . of the product intentionally misrepresents facts about the product or fraudulently conceals information about the product and that conduct was a substantial cause of the [plaintiff's] harm." Id.

The Court has already found that Plaintiffs pleaded facts sufficient to show that Defendants intentionally misrepresented facts and concealed information about Paragard's propensity to break. See supra Part III.C. Plaintiffs have also clearly alleged in their pleadings that the breakage caused their injuries. See Dkt. No. [79] ¶ 150. They also pleaded that the conduct caused them to have Paragard inserted. See, e.g., id. ¶¶ 77, 157, 164. It is no leap at all, viewing the pleadings in the light most favorable to Plaintiffs, to presume that Defendants' conduct was a substantial cause of Plaintiffs' harm.

---

[8] Defendants had originally moved to dismiss 24 cases under North Carolina law and six cases under Texas law. Thereafter, one North Carolina plaintiff amended her complaint by consent, and the Court denied the motion as moot as to that plaintiff, Ord., Pitts v. Teva Pharms. USA, Inc., No. 1:23-cv-3395-LMM, ECF No. [16] (N.D. Ga. Nov. 13, 2024), and a Texas plaintiff stipulated to the dismissal of her action, Ord., Robinson v. Teva Pharms. USA Inc., No. 1:23-cv-02126-LMM, ECF Nos. [8] (N.D. Ga. Oct. 8, 2024).

Accordingly, the Court concludes that Plaintiffs' allegations of fraud are sufficient to create a reasonable inference that the statute of repose does not apply. The Court therefore **DENIES** the motion to dismiss any claims under Iowa's statute of repose.

### 2.  *North Carolina*

There is no dispute that North Carolina law applies to the North Carolina cases Defendants move to dismiss. North Carolina's statute of repose bars claims "for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product" that are filed "more than 12 years after the date of initial purchase for use or consumption," N.C. Gen. Stat. § 1-46.1(1), or for causes of action accruing before October 1, 2009, more than six years after the date of initial purchase for use or consumption, Cramer v. Ethicon, Inc., No. 1:20-cv-95-MOC-WCM, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021). The statute of repose typically begins to run on "the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1(1).

The parties appear to agree that fraudulent concealment cannot toll the statute of repose under North Carolina law. Dkt. No. [709] at 24; Dkt. No. [729] at 43. Plaintiffs contend, however, that Defendants are estopped from raising the defense. Dkt. No. [729] at 43.

"In order for equitable estoppel to bar application of the statute of repose, a plaintiff must have been induced to delay filing of the action by the conduct of the

defendant that amounted to the breach of good faith." Wood v. BD & A Constr., LLC, 601 S.E.2d 311, 315 (N.C. Ct. App. 2004). A defendant is estopped from raising the statute-of-repose defense where (1) it made a false representation or concealed facts; (2) it intended for Plaintiffs to act on it; and (3) it had actual or constructive knowledge of the real facts. Bryant v. Adams, 448 S.E.2d 832, 828 (N.C. Ct. App. 1994). To assert estoppel, the plaintiff must have lacked "knowledge and the means of knowledge as to the real facts in question" and have "relied upon the conduct of the party sought to be estopped to his prejudice." Id. (internal quotation marks omitted).

The pleadings are sufficient to meet this standard. See supra Part III.C. Thus, Plaintiff's allegations of fraudulent concealment are enough to support a reasonable inference that Defendants are estopped from asserting the North Carolina statute of repose. The motion to dismiss is therefore **DENIED** as to those plaintiffs.

### 3.    *Tennessee*

#### a.    *Choice of Law*

Defendants state in their motion to dismiss that there is no question of choice of law because they seek dismissal only of Tennessee cases where the plaintiff "resides in, had her Paragard placed in, and had her Paragard removed in Tennessee." Dkt. No. [709] at 25 n.17. One of the Tennessee plaintiffs points out that this is incorrect and that she in fact lived in Alabama at the time she filed her complaint and that the state where her Paragard was placed is unknown. Dkt.

No. [729-1] at 8 (citing Compl., <u>Rook v. Teva Pharms. USA, Inc.</u>, No. 1:22-cv-3385, ECF No. [1] (N.D. Ga. Aug. 23, 2022)). She suggests that the laws of the state of Alabama and some other unknown state therefore may be at issue. <u>Id.</u>; Dkt. No. [729] at 56-60.

To determine the choice of law in Tennessee, its courts "presumptively apply the 'law of the state where the injury occurred . . . unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties.' " <u>Burns v. Taurus Int'l Mfg'g, Inc.</u>, 826 F. App'x 496, 499-500 (6th Cir. Sept. 2, 2020). Once again, a plaintiff's residence at the time of the filing is not alone enough to support the choice of a state's law. <u>Dick</u>, 281 U.S. at 408. Thus, the fact that Plaintiff Rook lived in Alabama at the time she filed her complaint does not give rise to a choice-of-law issue.

The complaint alleges that all relevant conduct took place in Tennessee: the plaintiff lived in Tennessee at the time she had the Paragard placed and removed, and the procedure to remove the Paragard took place in Tennessee. Thus, the Court does not find it plausible to presume that the placement occurred in a state other than Tennessee.

Accordingly, the Court will consider Defendants' statute-of-repose arguments with regard to all of the Tennessee cases appearing in Exhibit 1 of Defendants' motion to dismiss.

b.    *Statute-of-Repose Analysis*

Tennessee's statute of repose applies to "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition." Tenn. Code Ann. § 29-28-103(a). Notwithstanding any exceptions to the statutes of limitations, such action "must be brought within six (6) years of the date of injury, . . . within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter." Id. The statute of repose also applies to breach-of-warranty claims and " 'any other substantive legal theory in tort or contract whatsoever.' " Ismoilov v. Sears Holdings Corp., No. M2017-00897-COA-R3-CV, 2018 WL 1956491, at *8 (Tenn. Ct. App. 2018) (quoting the definition of "products liability action" set out in Tenn. Code. Ann. § 29-28-102(6)).

Plaintiffs argue that Defendants are barred from raising the Tennessee statute of repose defense due to fraudulent concealment. Dkt. No. [729] at 44. They cite In re General Motors LLC Ignition Switch Litigation, 2019 WL 952348, at *3 (S.D.N.Y. Feb. 27, 2019) (hereinafter "In re GM"), for its observation that the Tennessee Supreme Court has not ruled on whether fraudulent concealment can toll the statute of repose in product liability cases. Dkt. No. [729] at 44. They ignore that the court then observed that "the Tennessee Court of Appeals and multiple federal courts, including the Sixth Circuit, are unanimous in holding

that it cannot" and that those holdings "are consistent with Tennessee Supreme Court jurisprudence refusing to recognize exceptions to the statute of repose beyond those expressly provided by the Tennessee General Assembly." In re GM, 2019 WL 952348 at *3 (collecting cases and pointing to other causes of action where the Tennessee General Assembly expressly provided for a fraudulent concealment exception to the statute of repose).

The Court finds the reasoning of In re GM persuasive. And, notably, Plaintiffs have not supplied any cases in which a court applied the fraudulent concealment exception to bar the statute of repose appearing in Tenn. Code Ann. § 29-28-103(a).

In two of the Tennessee cases at issue in Defendants' motion, the placement date was pleaded in the short-form complaint and predated the initiation of the lawsuit by more than ten years. Compl., Dotson v. Teva Pharms. USA, Inc., No. 1:21-cv-04023-LMM, ECF No. [1] at  (N.D. Ga. Sept. 29, 2021) (Paragard placed in 2009); compare Am. Compl., Burnett v. Teva Pharms. USA, Inc., No. 1:21-cv-02424-LMM, ECF No. [22] at 3 (N.D. Ga. July 30, 2021) (Paragard placed on July 23, 2009) with Not. of Removal, id., ECF No. [1-1] at 20 (showing original filing date of May 24, 2021). The cases are therefore subject to the statute of repose, and the Court thus **GRANTS** the motion to dismiss with regard to those cases.

In the remaining two cases, however, Defendants' motion depends not on the plaintiff's pleadings but instead on an inconsistent date appearing in her

41

Plaintiff Fact Sheet. See Dkt. No. [709-1] at 17 (citing PFS, Wilkes v. Teva

Pharms. USA, Inc., No. 1:23-cv-00139-LMM, ECF No. [7-2] at 14 (N.D. Ga.); PFS,

Rook, No. 1:23-cv-00139-LMM, ECF No. [7-2] at 14).

These dates would also place the cases outside the statute of repose. It

would not be proper, however, to grant the Rule 12(b)(6) motion on this basis, as

the ruling would require that the Court rely on facts outside the pleadings. Thus,

the Court **CONVERTS** this portion of the motion to dismiss to a motion for

summary judgment and **GRANTS** Ms. Wilkes and Ms. Rook **21 days** from the

entry of this order to file evidence that her placement date in fact falls within the

applicable Tennessee statute of repose.

c.     *Conclusion*

The motion to dismiss, Dkt. No. [709], is **GRANTED IN PART** and

**DEFERRED IN PART** as to the Tennessee cases appearing in Exhibit 1 to

Defendants' motion to dismiss, Dkt. No. [709-1] at 14, 17, 18. The motion is

**GRANTED** as to Dotson, No. 1:21-cv-04023-LMM, and Burnett, No. 1:21-cv-

02424-LMM, and those cases shall be **DISMISSED** as untimely filed. The

motion to dismiss is **CONVERTED** to a motion for summary judgment so far as

Defendants seek judgment in Wilkes, No. 1:23-cv-00139-LMM, and Rook,

No. 1:23-cv-00139-LMM, based on statements appearing in those plaintiffs'

Plaintiff Fact Sheets. The Court **DEFERS** ruling on the converted motion for

summary judgment until those plaintiffs' response time has run.

### 4. *Texas*

#### a. *Choice of Law*

Defendants state in their motion to dismiss that there is no question of choice of law as to their motion to dismiss certain cases under Texas law because they seek dismissal only of Texas cases where the plaintiff "resides in, had her Paragard placed in, and had her Paragard removed in Texas." Dkt. No. [709] at 27 n.19. Plaintiffs argue with respect to one of the cases that because the state of placement was not alleged in the short-form complaint, there "may be" a choice-of-law issue. Dkt. No. [729-1] at 5.

Here again, the pleadings do not give rise to a reasonable inference that the Paragard was placed when the plaintiff was somewhere other than Texas. She states that she lived in Texas when she had the Paragard placed, that she lived in Texas when she had the Paragard removed, that the removal procedures took place in Texas, and that she lived in Texas when she filed suit. Compl., Johnson v. Teva Pharms. USA, Inc., No. 1:22-cv-01970-LMM, ECF No. [1] at 2-3 (N.D. Ga. May 18, 2022). The Court therefore shall conduct the statute-of-repose analysis using Texas law.

#### b. *Statute-of-Repose Analysis*

The Texas statute of repose precludes a plaintiff from filing a products-liability action more than 15 years "after the date of the sale of the product." Tex. Civ. Prac. & Rem. § 16.012(a)(2). Within the context of the statute, "products liability action" includes "any action against a manufacturer or seller

for recovery of damages or other relief for harm allegedly caused by a defective

product, whether the action is based in strict tort liability, strict products liability,

negligence, misrepresentation, breach of express or implied warranty, or any

other theory or combination of theories, and whether the relief sought is recovery

of damages or any other legal or equitable relief." § 160.12(a)(2).

Plaintiffs argue that Defendants are barred from raising the Texas statute

of repose because of their fraudulent concealment. Dkt. No. [729] at 45-46. They

concede that the Texas Supreme Court has not addressed whether fraudulent

concealment may toll a statute of repose or estop a defendant from raising the

defense in a product liability case. Id. at 45. They nevertheless argue that the

Court should hold that fraudulent concealment bars application of the statute of

repose because at least one Texas court considered the application of equitable

estoppel to bar a products-liability statute of repose and because Texas courts

have long held that a defendant's fraud precludes it from asserting the statute of

limitations. Id. at 45-46 (relying principally on Fiengo v. Gen. Motors Corp.,

225 S.W.3d 858, 860 (Tex. Ct. App. 2007)).

The Court is not persuaded. Plaintiffs are correct that it does not appear

that the Supreme Court of Texas has addressed whether fraudulent concealment

may toll a statute of repose or estop a defendant from raising the defense in a

product liability case. At the same time, in the Fiengo case Plaintiffs cite, the

court did not assume that fraudulent concealment applied but instead stated that

it "need not decide that issue today because, even if we assume it can, appellants

have failed to produce sufficient evidence on each element of equitable estoppel so as to raise a fact issue." Id. Fiengo therefore does not supply a basis for determining that fraudulent concealment precludes invocation of the statute of repose.

Moreover, other Texas Supreme Court jurisprudence suggests that the state's highest court would not hold that fraudulent concealment bars application of the statute of repose, as it has explained that "the essential function of all statutes of repose is to abrogate the discovery rule and similar exceptions to the statute of limitations" and that a "statute of repose, by design, creates a right to repose precisely where the applicable statute of limitations would be tolled or deferred." Methodist Healthcare Sys. v. Rankin, 307 S.W.3d 283, 290 (Tex. 2010) (explaining further that "a statute of repose serves no purpose *unless* it has this effect"); accord Galbraith Eng'g Consultants, Inc. v. Pochucha, 290 S.W.3d 863, 868 (Tex. 2009) (explaining that the purpose of a statute of repose is "the establishment of a definite end to the potential for liability, unaffected by rules of discovery or accrual"). The Court thus holds that, despite Plaintiffs' allegations of fraudulent concealment, the Texas statute of repose applies.

In four of the Texas cases, the placement date was pleaded in the short-form complaint and predates the initiation of the lawsuit by more than 15 years. See Dkt. No. [709-1] at 14. The cases are therefore subject to the statute of repose, and the Court thus **GRANTS** the motion to dismiss with regard to those cases.

45

In the remaining case, however, Defendants' motion depends not on the plaintiff's pleadings but instead on dates appearing in her Plaintiff Fact Sheet. See Dkt. No. [709-1] at 18 (citing Johnson, No. 1:22-cv-01970-LMM). These dates would also place the case outside the statute of repose.

However, it would not be proper to grant the Rule 12(b)(6) motion on this basis, as such a ruling would require reliance on facts outside the pleadings. Thus, the Court **CONVERTS** this portion of the motion to dismiss to a motion for summary judgment and **GRANTS** Ms. Johnson **21 days** from the entry of this order to file evidence showing that her placement date in fact falls within 15 years of the date she filed her lawsuit.

> c.    *Conclusion*

The motion to dismiss, Dkt. No. [709], is **DEFERRED IN PART** and **GRANTED IN PART** as to the Texas cases appearing in Exhibit 1 of Defendants' motion to dismiss, Dkt. No. [709-1] at 14, 18. The motion to dismiss is **CONVERTED** to a motion for summary judgment so far as Defendants seek judgment in Johnson, No. 1:22-cv-01970-LMM based on statements appearing in that plaintiff's Plaintiff Fact Sheet. The Court **DEFERS** ruling on the converted motion for summary judgment until that plaintiff's response time has run. The motion is **GRANTED** as to the remainder of the Texas cases, Dkt. No. [709-1] at 14, and those cases shall be **DISMISSED** as untimely filed.

### G.    Motion to Dismiss Strict-Liability Claims as Barred by the Statutes of Repose of Georgia and Illinois

Defendants also argue that Plaintiffs' strict-liability claims are barred as untimely under the statutes of repose of the states of Georgia and Illinois. Dkt. No. [709]. On this basis, they seek an order dismissing the strict-liability claims from 58 cases under Georgia law, Dkt. No. [709-1] at 3-7, 17, and from 56 cases under Illinois law, id. at 7-11, 17.[9]

#### 1.    *Georgia*

Defendants seek the application of Georgia's 10-year statute of repose for strict-liability claims based on Plaintiffs' latest date of Paragard placement. Dkt. No. [709] at 29-32. They concede that Georgia recognizes "narrow circumstances" where equitable estoppel may preclude the statute-of-repose defense where there is "fraud or other conduct on which the plaintiff reasonably relied in forbearing the bringing of a lawsuit," but they contend that there are no such allegations here. Id. at 31-32.

As previously discussed, the Court finds that Plaintiffs sufficiently allege fraudulent concealment and raise a plausible inference that the fraud deterred them from earlier filing. See supra Part III.C. Consequently, the Court **DENIES**

---

[9]      Defendants had originally moved to dismiss strict-liability claims under Illinois law in 58 cases and under Georgia law in 59 cases. Thereafter, an Illinois Plaintiff amended her complaint to drop the claims, and the Court denied the motion as moot. Ord., Motter v. Teva Pharms. USA, Inc., No. 1:21-cv-4045, ECF No. 21 (N.D. Ga. Dec. 19, 2024). The Court also subsequently dismissed one of the Illinois cases and one of the Georgia cases because each of those plaintiffs had already filed another action. See Hyde v. Teva Pharms. USA, Inc., No. 1:23-cv-00605-LMM, and McKee v. Teva Pharms. USA, Inc., 1:22-cv-01606-LMM.

the motion to dismiss the Georgia strict-liability claims on statute-of-repose grounds.

### 2.    *Illinois*

Defendants also seek the application of the Illinois eight-year statute of repose for strict-liability claims based on Plaintiffs' latest date of Paragard placement. Dkt. No. [709] at 32-34. They concede that fraudulent concealment will "toll" a limitations period if the plaintiff shows that fraud prevented discovery of the cause of action, including "affirmative acts" designed to prevent discovery of the action. Id. at 33-34. They argue that the pleadings do not meet this standard. Id.

Again, the Court has found that Plaintiffs have sufficiently pleaded fraudulent concealment. The consumer advertising and the marketing to medical practitioners, in particular, strike the Court as "affirmative acts" designed to prevent discovery of Plaintiffs' claims. See supra Part III.C. Thus, the Court also **DENIES** the motion to dismiss the Illinois strict-liability claims as barred by the Illinois statute of repose.

## IV.    CONCLUSION

In accordance with the foregoing, Defendants' Motion to Dismiss Cases Barred by Certain Statutes of Limitations and Repose, Dkt. No. [709], is **GRANTED IN PART**, **DENIED IN PART, and CONVERTED IN PART** to a motion for summary judgment. The Court **DEFERS** ruling on the motion for summary judgment at this time.

## A.    Converted and Deferred Portions of the Motion

The motion to dismiss is **CONVERTED** to a motion for summary judgment and **DEFERRED** as to the following cases. These plaintiffs shall have **21 days** from the entry of this order to file a statement of facts, supported by evidence, countering Defendants' motion.

| Plaintiff | Case No. | Choice of Law in Defendant's Ex. 1 |
|---|---|---|
| Look, Katelynn | 1:23-cv-02973 | NY |
| Rook, Lauren | 1:22-cv-03385 | TN |
| Wilkes, Temika | 1:23-cv-00139 | TN |
| Johnson, Brittany | 1:22-cv-01970 | TX |

## B.    Dismissal of Personal-Injury Claims Only

The motion to dismiss is **GRANTED** as to the personal-injury claims (Counts I-VI, XIII) in the following cases and **DENIED** as to all other claims asserted in those cases:

| Plaintiff | Case No. | Choice of Law in Defendant's Ex. 1 |
|---|---|---|
| Foster, Audra | 1:23-cv-04748 | ID |
| Koncz, Makenzie | 1:23-cv-01414 | ID |
| McDonald, Spring | 1:22-cv-00455 | ID |
| Moss, Lyndsie | 1:21-cv-05320 | ID |
| Thurman, Lacey | 1:22-cv-02088 | ID |
| Torres, Patricia | 1:23-cv-01710 | ID |
| Mosley, Venita | 1:22-cv-04140 | MS |
| Sharp, Rene | 1:21-cv-03115 | MS |
| Armijo, Marina | 1:22-cv-02497 | NY |
| Jemiolo, Patricia | 1:22-cv-00464 | NY |

### C.    Dismissal of Personal-Injury and Breach-of-Warranty Claims

The motion to dismiss is **GRANTED** as to the claims for personal injury (Counts I-VI, XIII) and breach of warranty (Counts X, XI) in the following cases and **DENIED** as to all other claims asserted in those cases:

| Plaintiff | Case No. | Choice of Law in Defendant's Ex. 1 |
|---|---|---|
| Coats, Kristen | 1:22-cv-03689 | AL |
| Robinson, Kimberly | 1:22-cv-03238 | AL |
| Kettler, Amber | 1:23-cv-05990 | MS |
| Acevedo, Anny | 1:23-cv-01656 | NY |
| Austin, Felicia | 1:22-cv-03520 | NY |
| Bones, Luz | 1:22-cv-03021 | NY |
| Carrion, Maritza Frias | 1:22-cv-04707 | NY |
| Chin, Hannah | 1:22-cv-03140 | NY |
| Compass, Bettina | 1:23-cv-01659 | NY |
| Coss, Ivonne | 1:22-cv-03152 | NY |
| Cromwell, Emily | 1:21-cv-02857 | NY |
| Dapena, Wilma | 1:23-cv-01738 | NY |
| Dean-Prince, Stacy | 1:23-cv-05449 | NY |
| Dorfman, Susan | 1:23-cv-01263 | NY |
| Fernandez, Yanet | 1:23-cv-01024 | NY |
| Glowacz, Patrycja | 1:21-cv-04563 | NY |
| Griffin, Dana | 1:22-cv-03296 | NY |
| Medina, Elizabeth | 1:23-cv-01394 | NY |
| Munson, Rokiea | 1:23-cv-01345 | NY |
| Nagy, Claudia | 1:23-cv-04199 | NY |
| Ng, Sue | 1:22-cv-01581 | NY |
| Nobles, Linda | 1:23-cv-01049 | NY |
| Pahl, Myriah | 1:22-cv-03108 | NY |
| Parra, Lerdy | 1:21-cv-04582 | NY |
| Penrose, Emma | 1:23-cv-01395 | NY |
| Perry, Shara | 1:23-cv-00889 | NY |

| Pershyn, Carly N | 1:21-cv-04733 | NY |
|---|---|---|
| Price, Khalilah | 1:21-cv-04227 | NY |
| Pulido, Deirdre | 1:22-cv-01543 | NY |
| Ramos, Dahiana | 1:23-cv-01384 | NY |
| Rennie, Karen | 1:21-cv-03626 | NY |
| Ross, Carolyn | 1:22-cv-03222 | NY |
| Small, Deandria L | 1:23-cv-01602 | NY |
| Sosa, Magdelyn | 1:22-cv-02614 | NY |
| Thomas, Dionne D. | 1:22-cv-00459 | NY |
| Trever, Natasha | 1:22-cv-00082 | NY |
| Velez, Dagmar | 1:22-cv-03236 | NY |
| Visalli, Carissa J | 1:23-cv-01601 | NY |
| Wuenst, Kimberly | 1:22-cv-02003 | NY |
| Wyatt, Shannon | 1:22-cv-04187 | NY |
| Yerden, Dannielle R | 1:23-cv-01389 | NY |

## D.    Dismissal of all Claims

The motion to dismiss is **GRANTED** as to all of the claims in the following cases. Those cases are **DISMISSED WITH PREJUDICE**.

| Plaintiff | Case No. | Choice of Law in Defendant's Ex. 1 |
|---|---|---|
| Carson, Nateshia | 1:23-cv-01705 | MI |
| Deising, Tammy S | 1:21-cv-03045 | MI |
| Earley, Precious | 1:22-cv-02550 | MI |
| Gotham, Bobbie | 1:21-cv-03585 | MI |
| Higgins, Jessica | 1:22-cv-01506 | MI |
| Lane, Brenna | 1:22-cv-02499 | MI |
| Levens, Shonte D | 1:21-cv-04132 | MI |
| McIntyre, Karina | 1:22-cv-03242 | MI |
| Miller, Asia | 1:23-cv-01658 | MI |
| Munger, Gina | 1:22-cv-03146 | MI |
| Nestorak, Jaimie | 1:22-cv-03814 | MI |

| Ott, Cassandra | 1:22-cv-01511 | MI |
|---|---|---|
| Taylor, Debbie | 1:23-cv-01617 | MI |
| Anderson, Courtney | 1:21-cv-03658 | VA |
| Barrett, Angelia | 1:23-cv-04012 | VA |
| Collantes, Ana | 1:23-cv-01651 | VA |
| Cook, Annathea | 1:23-cv-01120 | VA |
| Crayton-Gay, Christina | 1:23-cv-01262 | VA |
| Deeb, Mazel | 1:23-cv-05156 | VA |
| Durham, Angie | 1:22-cv-01576 | VA |
| Hamel, Mary Elizabeth | 1:21-cv-03554 | VA |
| Johnson, Linda | 1:22-cv-00454 | VA |
| Lemus Diaz, Milagros | 1:23-cv-00312 | VA |
| McLeod, Rebecca | 1:22-cv-03059 | VA |
| Mercado, Lydia | 1:23-cv-01308 | VA |
| Millner, Sharon | 1:23-cv-03247 | VA |
| Sarley-Gregory, Nicole | 1:22-cv-01586 | VA |
| Vann, Loveasia | 1:22-cv-01290 | VA |
| Vera, Leticia | 1:23-cv-01041 | VA |
| Vetter, Jennifer L | 1:23-cv-01407 | VA |
| Burnett, Gerilyn | 1:21-cv-02424 | TN |
| Dotson, Tiffany | 1:21-cv-04023 | TN |
| Arceneaux, Richandra | 1:23-cv-04668 | TX |
| Ferber, Ileana | 1:22-cv-04982 | TX |
| Jerome, Stacy | 1:23-cv-01712 | TX |
| Talbert-Williams, Brandi | 1:21-cv-04267 | TX |

### E.    Denial of Motion to Dismiss as to All Claims

The motion to dismiss is **DENIED** in the remaining cases:

| Plaintiff | Case No. | Choice of Law in Defendant's Ex. 1 |
|---|---|---|
| Fling, Alia E Roberts | 1:23-cv-01616 | MI |
| Brandenburg, Michelle | 1:23-cv-05020 | IA |
| Garrett, Tela L | 1:22-cv-01561 | IA |

| | | |
|---|---|---|
| Lopez Hernandez, Marilu | 1:22-cv-01300 | IA |
| Chambers, Carol | 1:22-cv-04593 | NC |
| Clayton, Elizabeth | 1:21-cv-03810 | NC |
| Connell, Melissa | 1:24-cv-00440 | NC |
| Cornelius, Tekila M | 1:22-cv-01959 | NC |
| Dominique, Dana | 1:21-cv-03786 | NC |
| Doty, Catherine | 1:21-cv-03552 | NC |
| Erb, Lisa Pendergrass | 1:22-cv-02341 | NC |
| Jones, Sarah L | 1:23-cv-01426 | NC |
| Keenan, Aimee | 1:22-cv-03237 | NC |
| Mathis, Latoya | 1:23-cv-01693 | NC |
| McLain, Crystal | 1:21-cv-03270 | NC |
| Miller, Kenyatta | 1:21-cv-03872 | NC |
| Ngoran, Mercy | 1:22-cv-01536 | NC |
| Pollock, Dandan | 1:24-cv-00112 | NC |
| Shearer, Courtney | 1:22-cv-01574 | NC |
| Spencer, Jennifer | 1:23-cv-00440 | NC |
| Strickland, Danielle | 1:21-cv-03408 | NC |
| Vidal, Kristina | 1:24-cv-01472 | NC |
| Webb, Lasheika | 1:22-cv-00624 | NC |
| Weiss, Jane | 1:21-cv-03733 | NC |
| Wohnus, Krystal | 1:23-cv-02454 | NC |
| Woodfork, Dorothy | 1:23-cv-05299 | NC |
| Abdul, Moori | 1:23-cv-05302 | GA |
| Allen, Michelle | 1:23-cv-03206 | GA |
| Anaya, Ana Valenica | 1:22-cv-04127 | GA |
| Armstrong, Allison | 1:23-cv-01647 | GA |
| Aros, Sabrine | 1:21-cv-04731 | GA |
| Blasingame, Shandral | 1:23-cv-00264 | GA |
| Blaylock, La'shara | 1:24-cv-01918 | GA |
| Blye, Nikki | 1:24-cv-00534 | GA |
| Brannen, Amy | 1:20-cv-04200 | GA |
| Brown, Tamara | 1:23-cv-02406 | GA |
| Brown, Virona | 1:24-cv-00039 | GA |
| Buffington, Princess | 1:23-cv-00370 | GA |

| | | |
|---|---|---|
| Cagley, Jacqueline Bissett | 1:22-cv-01744 | GA |
| Cook, Tabitha | 1:21-cv-02867 | GA |
| Coral, Jacqueline | 1:21-cv-04699 | GA |
| Crump, Sharon F | 1:23-cv-01338 | GA |
| Davenport, Latosha | 1:21-cv-03676 | GA |
| Dorsey, Victoria | 1:21-cv-00358 | GA |
| Ero, Ruth | 1:23-cv-05157 | GA |
| Francis, Treasure | 1:22-cv-01021 | GA |
| Gallardo, Blanca | 1:22-cv-04568 | GA |
| Gilmore, Amanda | 1:21-cv-04315 | GA |
| Goines, Kimberly | 1:23-cv-01332 | GA |
| Goldstein, Nicole | 1:23-cv-01708 | GA |
| Gresham, Keesha | 1:23-cv-05309 | GA |
| Hadley, Whitney | 1:22-cv-01029 | GA |
| Harger, Harley | 1:22-cv-01546 | GA |
| Hill, Lauren | 1:23-cv-05276 | GA |
| Hopkins, Frances | 1:22-cv-01512 | GA |
| Kamuleta, Mamyna | 1:23-cv-02396 | GA |
| Lewis, Allison | 1:20-cv-03942 | GA |
| Lish, Stephanie | 1:24-cv-00892 | GA |
| Major, Jonzoreika | 1:22-cv-02682 | GA |
| McKee, Faatimah | 1:21-cv-04908 | GA |
| Medina, Ashley | 1:22-cv-00083 | GA |
| Meunier, Lollie | 1:22-cv-03287 | GA |
| Millsaps, Brianna | 1:22-cv-01562 | GA |
| Mooney, Jessica | 1:23-cv-01604 | GA |
| Musick-Graham, Melanie | 1:23-cv-00422 | GA |
| Nasser, Lindsey | 1:23-cv-00757 | GA |
| Overton, Shannon | 1:21-cv-04414 | GA |
| Owensby, Sherita | 1:22-cv-00421 | GA |
| Paz, Karen | 1:23-cv-01605 | GA |
| Pullin, Dana Christine | 1:23-cv-05662 | GA |
| Rawls-Sanders, Jennifer | 1:21-cv-01420 | GA |
| Redmond, Saqirah | 1:21-cv-03940 | GA |
| Reed, Rebecca | 1:22-cv-04988 | GA |

| Regan, Wendy | 1:24-cv-02317 | GA |
|---|---|---|
| Rodriguez, Patricia | 1:20-cv-03945 | GA |
| Rynex, Kristen | 1:22-cv-01910 | GA |
| Scott, Lakeisha | 1:22-cv-00080 | GA |
| Shah, Gayatri | 1:24-cv-01693 | GA |
| Shorey, Carrie | 1:23-cv-05158 | GA |
| Taylor, Monica | 1:22-cv-02900 | GA |
| Thomason, Tara | 1:23-cv-01699 | GA |
| Thompson, Kiera | 1:21-cv-04239 | GA |
| Wheeler, Tiffany N | 1:22-cv-01563 | GA |
| Wilson, Sabrina | 1:23-cv-05155 | GA |
| Abraham, Elina | 1:22-cv-04465 | IL |
| Ahlfeld, Julie | 1:23-cv-05256 | IL |
| Alvarez, Esther | 1:22-cv-00788 | IL |
| Amos, Sarah | 1:21-cv-04199 | IL |
| Bade, Purevbadam Makhburiad | 1:23-cv-02469 | IL |
| Barba, Monica | 1:22-cv-00724 | IL |
| Bell-Powell, Akyva | 1:22-cv-05077 | IL |
| Billups, Latrice | 1:22-cv-05078 | IL |
| Bjorgo, Lindsey | 1:24-cv-00341 | IL |
| Brewer, Tanisha | 1:21-cv-04204 | IL |
| Coleman, Charlena | 1:22-cv-04624 | IL |
| Colunga, Stephany | 1:23-cv-01336 | IL |
| Craft, April | 1:23-cv-02008 | IL |
| Day, Reuvean | 1:22-cv-00274 | IL |
| Diaz, Marilina | 1:23-cv-01700 | IL |
| Dunn, Rene | 1:23-cv-02630 | IL |
| Eberley, Amanda | 1:22-cv-02493 | IL |
| Edgecomb, Angela | 1:23-cv-00846 | IL |
| Farr, Bernadette | 1:23-cv-00845 | IL |
| Fausto, Rocio | 1:23-cv-00698 | IL |
| Flores, Carla | 1:23-cv-03842 | IL |
| Freeman, Megan | 1:23-cv-02990 | IL |
| Gomez, Vanessa | 1:22-cv-01636 | IL |
| Graye, Stephanie | 1:23-cv-00861 | IL |

| | | |
|---|---|---|
| Haefelin, Margi | 1:22-cv-03812 | IL |
| Hernandez, Elizabeth C | 1:23-cv-02125 | IL |
| Hyde, Angelika | 1:21-cv-04217 | IL |
| Jackson, Latrice | 1:23-cv-00135 | IL |
| Jackson, Winter | 1:23-cv-01012 | IL |
| Johnson, Sabrina | 1:22-cv-00766 | IL |
| Karabetsos, Nicole | 1:24-cv-01617 | IL |
| Kwitkowski, Jennifer | 1:23-cv-03648 | IL |
| Lee, Jessica | 1:21-cv-00132 | IL |
| Leonard, Romina | 1:23-cv-04258 | IL |
| Lewerenz, Samantha | 1:22-cv-02495 | IL |
| Lusk, Christi | 1:21-cv-04222 | IL |
| Magana, Joann | 1:24-cv-02319 | IL |
| Mascenic, Jessica | 1:23-cv-01242 | IL |
| McDonald, Tondelya | 1:23-cv-05301 | IL |
| McKeown, Ann | 1:21-cv-05188 | IL |
| McKinney, Amara | 1:23-cv-04373 | IL |
| Miranda, Joanna | 1:21-cv-02704 | IL |
| Moran, Amy | 1:22-cv-01052 | IL |
| Norman, Angela | 1:23-cv-04571 | IL |
| Osorio, Janeth | 1:24-cv-00305 | IL |
| Parker, Tresha | 1:23-cv-00006 | IL |
| Piotrowski, Stephanie | 1:23-cv-02009 | IL |
| Radnick, Margaret | 1:21-cv-01186 | IL |
| Reed, Calli | 1:21-cv-05066 | IL |
| Rosenberg, Maren | 1:22-cv-00901 | IL |
| Roundebush, Randy | 1:22-cv-01288 | IL |
| Smith, Amy | 1:22-cv-03536 | IL |
| Tow, Kayla K. | 1:21-cv-00576 | IL |
| Westrick, Jean | 1:23-cv-05013 | IL |
| Wilson, Tyshira | 1:23-cv-04084 | IL |
| Yates, Haleigh | 1:22-cv-00361 | IL |

The Clerk is **DIRECTED** to terminate the submission of the motion to dismiss in all cases other than those where the motion has been converted to a motion for summary judgment.

**IT IS SO ORDERED** this 11th day of February, 2025.

**Leigh Martin May**
**United States District Judge**